Case No. 13-7185, John M. Taylor et al., Tyler, excuse me, et al., Appellants v. Honeywell, Inc. Mr. Lippman for the appellant, Mr. Shklovsky for the appellate. May it please the Court, I'm David Lippman and I've represented John Tyler during the course of these proceedings and now his estate. And I appreciate the time, the Court's time to allow us to make our presentation. I'd like to address the two critical issues of the lower court's dismissal of this case on May 20th, 2013. First, as to the substantive issue that the lower court aired in indicating that Dr., or ruling that Dr. Markowitz's supplemental declaration did not satisfy Boomer. And then I'll turn to the procedural issue of the Rule 37, imposition of sanction and dismissal of the case. As to the substantive issue of the satisfaction of Boomer, that issue is before this court as a de novo issue. And the timeline, the timeline of how we got here bears mention. As you'll know, on November 22nd, 2010, Dr. Markowitz, in the MDL proceedings, case had been filed in the District of Columbia, then removed, then transferred to MDL in Philadelphia. Filed as an issue report. And discovery was then closed a month or so later in January of 2011. Honeywell filed their summary judgment on February 7th, 2011. And they argued a but-for causation test. We opposed the summary judgment, and we argued a substantial contributing factor, standard for causation in these asbestos mesothelioma cases. Judge Rabino, the MDL judge, agreed, denied Honeywell's summary judgment on July 1st, 2011. And then in the fall of 2011, October 19th, the case was then transferred back to the district. On January 10th, 2013, more than two years after Dr. Markowitz had submitted his declaration,  And in doing so, they rejected Honeywell's, Honeywell was a litigant in that case, as well as this case. They rejected Honeywell's but-for test for causation, just as Judge Rabino had. And they adopted a test that neither party had presented before Judge Rabino, in this case, the sufficient to cause standard that is taking Honeywell, Mr. Tiger's exposure to the Bendix, Honeywell's successor in interest, the Bendix asbestos-containing breaks. Was that exposure in a multiple exposure concurring cause? And here the district court believed that the proper response by you to that would be a motion under Rule 56C, but you didn't do that at all. You very purposefully disclaimed the notion that there'd been a material change in the law. Well, that's right, Your Honor. We weren't sure that if there had been a change of the law, a clarification of the law, an alteration of the law, and we didn't know if the term used at the hearing, we knew and recognized Boomer shook things up. But we did recognize, Judge Williams, that we fell short in terms of satisfying Boomer, and Dr. Markle, and our record was incomplete under Rule 56C. But did you move the court for any opportunity to change the record, to expand the time for discovery, or to make a new filing, or amendment? We submitted, Your Honor, we submitted in our opposition on February 11th, 2013, just a few weeks later, to the summary judgment. I ask you, if you asked the court for leaves to file an amended declaration, or for it to reopen discovery, or did you move the court in any fashion to allow you to change the college new affidavit? No, we didn't. And we did not move the court, and we did not believe, and do not believe now, that as long as the 2060 supplementation is timely, i.e., in this instance, filed 30 days before trial, which would have been April 20th. There was a discovery deadline in the case, right? Yes, but the- I understand that you accept that that, at least in the first instance, not to be modified, but in the first instance, you accept the proposition that that was binding. Well, the tensions are, yes, there was a discovery deadline. The MDL judge set forth a discovery deadline, but declarations had, and supplemental declarations, had to be filed at least 30 days prior to trial under Rule 26A3B, and under 2060, of course, as Your Honor, as I just pointed out, we believe that our submission before the MDL court was, to use the term of 2060, incomplete, and we had both an obligation, 2060 speaks of a mandatory litigant shall file supplementation, as well as a right to file supplementation, and we did so. Judge Sento, if Verner had been rendered on May 1st, 2013, 20 days before trial date, it would then have been appropriate, because we would be out of time, it would not have been a timely submission, to file a motion for leave and seek the trial court's move of court to file the 2060 submission. In this instance, we were not out of time under 2060 and we used Rule 26A3B, and there are inherent tensions in those rules, to supplement the disclosure which we did in February. But you, actually, you invoked 26E only in response to the district court's instruction to file a brief on four issues, which did not include that, right? Yes, your honor. When we filed the submission with our opposition to the summary judgment, we didn't label the declaration, the supplemental declaration, a 26E supplement. No, but the document in which you, for the first time, raised the 26E possibility was a document filed in response to the district court's order, which ordered you to brief four different issues. Yes, your honor. It doesn't sound like a very good basis for getting you in your 26E argument. Well, the court's asked four questions, including a question of why shouldn't Dr. Markowitz's supplemental declaration be stricken? And in reply, albeit briefly, we indicated that it was filed pursuant to 26E. Again, our obligation, it's a mandatory requirement to supplement in the instance of a context where the expert report is incomplete or inerrant. And in this instance, it was incomplete because we didn't know the existence of Boomer when Dr. Markowitz rendered his initial report two years earlier. Boomer didn't exist. Nor did Honeywell address that issue. So it wasn't an issue, and we proceeded according without leave of the court. But there was a pretrial order here concerning the timing of discoveries and disclosures. And Rule 26 allows for the existence of such an order. So wouldn't it seem that it would have been wise for you to have sought the leave of the court before you came up with a new expert report? As I stand here today, obviously, or we wouldn't have this proceeding, perhaps, today, or we might have it on the substantive issue of whether we satisfied Boomer. Yes, I am the attorney that has the professional relationship with the doctor, an epidemiologist, and a physician, board-certified internist and occupational medicine physician, and treated that supplemental declaration as no different than any other discovery, since it is discovery. And- Well, if it's no different, and the time for discovery is closed under the judge's order, why did you not need to come in and move for leave to file this? Only because of the very terms of 26E, it was our position and belief that that was a required, Judge Cento, not a required submission that we shall file if we determine that there is an incomplete opinion, an incomplete matter before the court, we're required to file it. And it's our obligation- 26E in the second paragraph references 26A3. 26A3, yes, Your Honor? And doesn't A3 recognize the primacy of a court order controlling discovery rather than leaving a default? But there was no court order on the date, addressing the date of when disclosures needed to be filed under 26A2. And that's why we filed without leave of the court. If there was substantive issue, did we satisfy Burma? If the court gets to the substantive issue, simply, Burma requires that some, that proper causation proof be elicited to address whether or not a particular asbestos manufacturer, supplier, distributor's product, in and of itself, was sufficient to cause the victim's mesothelioma, the victim's asbestos cancer. And in this case, Dr. Markowitz did the following. He identified the fact that there is no threshold level under which there is no risk of contracting mesothelioma. And I think that's where the risk issue evolved with the lower court. But he then did what epidemiologists always do. He took that risk and applied it to a heightened risk of those instances where low-level or short-term or pre-occupational exposures, that being housewives or children in a house where the housewife is washing the husband's asbestos worker's clothes, all contract mesothelioma. And opined that those levels in which mesotheliomas have been caused compared to Mr. Tyler's level of exposure were far less, or to say it a different way, Mr. Tyler's exposure was far greater. His exposure over five decades, hundreds of break jobs when he arced and filed asbestos-containing break shoes manufactured by Bendix. And reached the conclusion that Bendix in and of itself, those break exposures would have been sufficient to cause mesothelioma. It's a similar to a disease, asbestos and mesothelioma. The scientific inquiry that the court made while on the Rule 56 proceeding is typically addressed in a Daubert hearing. We had a Daubert hearing scheduled. A Daubert hearing simply because Honeywell and an idiopathic mesothelioma was a amphibole asbestos-induced mesothelioma from work in the Navy. Mr. Tyler served in the Navy. That's another kind of asbestos. So the issue of that nature of causation, risk versus causation, short term, low level, poor occupational exposures, and for that matter, whether or not Bendix's type of asbestos chrysotile are the typical matters that are heard in Daubert. In a Daubert hearing, is that trial court is the gatekeeper for that type of evidence, rather than in a Rule 56 proceeding. Finally, is the sanctions. The court indicated, and the policy implications are significant. Perhaps not as significant as what I just heard in the case before. But they have large significance. The lower court wrote that Dr. Markowitz chose the Taylor's opinion to a particular legal standard. It was a choice that he and the class made at their own peril. The standard didn't exist at the time, the Boomer standard, when Dr. Markowitz. You didn't know what the standard was at that time. Of course. But you had to make an, it would have to be an irreductant analysis. So wouldn't it have been prudent to have looked at all the possible Virginia standards? We can this Virginia law and felt, more important than Mr. Whitman, Judge Rubino felt that substantial contributing factors satisfy, it is the Virginia standard or else we wouldn't have prevailed on the summary judgment and ruled that in fact it was. There was no circulating Virginia Supreme Court case that was before the court or argued before the court. Thank you. Thank you. Good morning. If it pleases the Court, my name is Mike Shabelsky, along with Elisa Ritchie and John Epps. We represent happily Honeywell. Ultimately, Your Honors, all the plaintiff's arguments about Rule 26E and 37C don't matter. They don't matter because the district court found here that Dr. Markowitz's supplemental declaration does not satisfy the Boomer standard and thus, as she wrote in her opinion on appendix page 1540, allowing the revised declaration to stand would not change the ultimate outcome here, summary judgment for Honeywell. It is manifest in her opinions that she analyzed the Boomer case and its requirements, applied those requirements to Dr. Markowitz's supplemental declaration, and found that declaration insufficient under the standard the Virginia Supreme Court prescribed and that she was required, of course, to follow. And in a nutshell, it was because Dr. Markowitz did not opine on the level of asbestos that would call exposure that would cause the plaintiff's particular disease and correlate that to the exposure of asbestos that he allegedly had. He instead opined merely that any exposure to asbestos increased the risk of asbestos. That is the one thing the Virginia Supreme Court made clear in its opinion was insufficient under the Boomer standard. In rejecting the California definition of substantial contributing factor, the Virginia Supreme Court said California interprets that standard as a merely increased risk requirement. And that was insufficient, and that's all Dr. Markowitz opined in his new opinion. Therefore, Honeywell is still entitled to summary judgment even if Rule 26e gave plaintiff the absolute right to tender the supplemental. Scalia. Are you conceding that they had the right to file the report? Are you conceding that they had the right to file the new report? Absolutely not, Your Honor. It is plain that Rule 26e did not give him that right, and their argument to the contrary is both waived, wrong, and would set a terrible precedent. It is waived because plaintiff did not rely on Rule 26e. And, Judge Williams, to your point, when plaintiffs tendered the affidavit in response to our summary judgment motion, they didn't rely on Vote Rule 26e then. And perhaps as important, if not more so, in response to our motion to strike the declaration, they did not rely on Rule 26e either then. The local rule of the district court, Rule 7, of course, requires all points and authorities in opposition to a motion to be in a memorandum, and the district court here invoking that rule found that the argument on 26e had been waived, and this Court has consistently upheld a district court's finding of waiver in those circumstances. The 26e argument is also wrong on the merits because it doesn't apply to the circumstances here. That rule applies solely to the correction of expert reports that are incomplete or incorrect. As the district court noted, plaintiffs steadfastly resisted conceding that Dr. Markowitz's original opinion was incomplete or incorrect. That was a strategic decision on their part, and that's why they didn't argue Rule 26e initially. They did not want to say that they could they would lose summary judgment if the supplemental declaration was disallowed. And of course, allowing now, and no court has ever recognized that Rule 26e applies in the circumstances that the plaintiff is advocating here, and it would set a terrible precedent for this Court to be the first one. That argument you just finished is basically your argument for the proposition that the, essentially the failure to update in this case is not substantially justified. The 37c. Yes, on the 37, I was speaking specifically about 26e. I don't think that rule applies to this circumstance. Right. Moving to 37c, it is not substantially justified either, because, or harmless here, certainly it's not harmless, because Honeywell, as the Court recognized, wouldn't have a chance to cross-examine, would have to cross-examine Dr. Markowitz blindly at trial about his new opinion, and wouldn't have the ability to have rebuttal experts. And it's not substantially justified here in the circumstances for two critical reasons, really, Your Honor. The first is that it's a bit of a misnomer to say there was really a change in law under the, as a result of the Boomer decision. The Supreme Court of Virginia had never previously said that substantial contributing factor was the governing standard in Virginia. And so the plaintiffs made an assumption and bet all their chips on that particular standard, and then it turned out that they were wrong. Now, the rules allow a way to address that situation, and that is filing a motion under Rule 26 for leave to extend the discovery deadlines and to address it through that process. And here, of course, the plaintiffs had ample opportunity to address that in an expeditious way, which disrupted the trial. They had four months from the time Boomer came down to deal with this on a forthright and expeditious basis. But time after time after time, they missed those steps deliberately. When Boomer came out, they could have filed a motion right away to supplement their expert report. They didn't do that. When Honeywell filed its summary judgment motion, they could have moved in to supplement the expert reports. They didn't do that. When they filed their opposition to Honeywell's summary judgment brief, they could have moved either under Rule 56 or under 26 to extend it. They didn't do it then. When we filed the motion to strike the supplemental declaration, then they could have, again, filed to extend the schedule. Again, they didn't. Time, so this is not a single misstep. This is a stairway of missteps by them as all part of a deliberate, calculated strategy on their part to force through Dr. Markowitz's declaration to handicap Honeywell and to keep the original trial date. And then, of course, the trial court gave them every opportunity to change course. At the hearing on the motions, she repeatedly quizzed the plaintiff's counsel as to why are you adopting this strategy? Why are you saying there is no change in law in Boomer? And it was quite clear that the plaintiff said this was a deliberate strategy on their part to try to get her to decline reconsideration of summary judgment. And again, they also resisted telling the judge that their case hinged critically on Dr. Markowitz's supplemental declaration. She quizzed them again and again on this. And they repeatedly told her that their case could stand even without the supplemental declaration, that Dr. Markowitz's original declaration as well as a declaration of, I believe, a Dr. Abraham was sufficient. Because again, they didn't want to admit that Dr. Markowitz's opinion was deficient even under Boomer. It was only after the district court struck the declaration and entered summary judgment for Honeywell that plaintiffs changed course and started saying that the They never asked for a continuance beforehand. They opposed it. And of course, it's far too late after the judge has already granted summary judgment to change course and adopt a position 180 degrees opposite. And it's likewise inappropriate for them to continue that course on appeal. And if there are no further questions, Your Honor, I would ask that you affirm. Thank you. I think you had no time left, but we'll give you one minute of rebuttal. Thank you, Your Honor. In all deference, Dr. Markowitz did exactly what Boomer requires. He determined a level of exposure necessary to cause this disease to cause, not just for people, persons who are at risk. That level of exposure were those cases in the medical literature where individuals contract mesothelioma who have either low levels of exposure, short-term exposure, or paro-occupational exposure. And he did just what Boomer required. He took those cases, those instances of causation, asbestos-causing mesothelioma, and he compared it to Mr. Tyler's record evidence experience of a hundred, hundreds and hundreds of great jobs over five decades. There is no case law of the 26E waiver that we could find in an instance like this where we're within the 30 day period to supplement a declaration disclosure pursuant to 26AB2. Did you find any case that dealt with those facts at all? Big question. Did you find any case that dealt with that fact pattern at all? We found- You say you found none against you, but did you find any in favor of it? Yes, in our brief we have a string site of cases just like this where there's an intervening decision. Where there's a filing of a supplement to an expert opinion after the disclosure of discovery, and where there had been a discovery time order. And we found cases of intervening case decisions where the law is either altered, changed, modified, shook up, whatever that's called. And rule 26E waiver is what you said there were no cases on. Yes. Do you find one that deals with that under circumstances like this? We found no waiver decisions, Your Honor, in either instance. Either what? For or against us. Okay, thank you. It's now before you. Thank you. Thank you very much. Thank you for your time. The case will be submitted.
judges: Brown, Williams, Sentelle